UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                    CASE NO: 6:19-cr-34-Orl-40TBS

RANDY DALE LAND

      Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant's Unopposed Motion to File Documents Under Seal (Doc. 41). Defendant Randy Dale Land is awaiting sentencing after pleading guilty to the crime of receipt of child pornography (Docs. 26, 31, 35). In anticipation of the sentencing hearing, Defendant has been seen by Mark Bezy and Dr. Robert Cohen (Doc. 41, ¶¶ 2-3). Mr. Bezy has produced a written report concerning the prison environment and Defendant's vulnerability to that environment. Dr. Cohen conducted a neuropsychological examination of Defendant and has produced a report containing his findings. Both gentlemen's reports have been produced to the Court for *in camera* review. Defense counsel plans to use the reports as mitigation evidence (Id., ¶ 4).

Defendant argues that Mr. Bezy and Dr. Cohen's reports should be accepted for filing under seal because they contain Defendant's highly personal and confidential personal and medical information (Id.). Defendant also argues that sealing is appropriate pursuant to the Health Insurance Portability and Accountability Act of 1996, P.L. 104-191, 45 C.F.R. Parts 160 and 164 (Id., ¶ 5). The government does not oppose the motion (Id., ¶ 6).

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While parties "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing of interests approach to the" good cause requirement. Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

Dr. Cohen's report contains Defendant's personal health information, including information concerning his mental condition. The Court finds that Defendant's privacy interest in this information outweighs the public's right of access. The Court finds good cause to seal the final paragraph of Mr. Bezy's report because it too contains information of a personal, confidential nature in which Defendant's privacy interest outweighs the

public's right of access. Accordingly, Defendant's motion to seal is **GRANTED in part**. The

Clerk shall accept for filing, and file **UNDER SEAL**, Dr. Cohen's report and Mr. Bezy's

report. The seal shall remain in place until further Court order. Defendant shall file a copy

of Mr. Bezy's report, from which the final paragraph is redacted, on the public docket.

    **DONE** and **ORDERED** in Orlando, Florida on June 12, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Randy Dale Land